ANDREA T. MARTINEZ, United States Attorney (#9313)
VICTORIA K. McFARLAND, Assistant United States Attorney (#11411)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801) 524-5682

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ISAAC GBAWAY,<br><br>Defendant. | Case No. 2:22-CR-00144<br><br>**UNITED STATES' MOTION FOR DETENTION**<br><br>Chief Magistrate Judge Dustin B. Pead |

☐    The United States is not seeking detention.

☐    Detention is not at issue because this is an immigration reentry case where the defendant has opted to participate in the fast track program, which includes agreeing to detention for the pendency of this case.

☒    The United States moves for detention based on current information.  The United States' positions in this preliminary pleading could change after reviewing the Pretrial Report or learning of additional evidence.  The United States reserves the right to assert positions even if the boxes next to those positions are not checked below, raise additional arguments, and file additional pleadings in support of detention.  The United States' motion for detention is:

☒  Pursuant to 18 U.S.C. § 3142(f)(1) because defendant is charged with:

   ☐  **(A)** a crime of violence (*see* 18 U.S.C. § 3156(a)(4)), a violation of 18 U.S.C. § 1591 (sex trafficking of children), or an offense under § 2332b(g)(5)(B) (specific enumerated crimes) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

☐ **(B)** an offense for which the maximum sentence is life imprisonment or death; **or**

☐ **(C)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

☐ **(D)** any felony if the defendant has been convicted of two or more offenses described in (a) through (c) above, or two or more State or local offenses that would have been offenses described in (a) through (c) above if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

☒ **(E)** any felony that is not otherwise a crime of violence but involves: **(i)** a minor victim; **(ii)** the possession or use of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250;

**OR**

☐ Pursuant to 18 U.S.C. § 3142(f)(2) because the case involves:

☐ **(A)** a serious risk the defendant will flee; **or**

☐ **(B)** a serious risk the defendant will obstruct or attempt to obstruct justice, or threaten, injure, intimidate, attempt to threaten, injure or intimidate a prospective witness or juror.

## Procedure

The defendant may seek a continuance of the detention hearing of up to five days, and the United States may seek a continuance of up to three days. 18 U.S.C. § 3142(f). During any such continuance, the defendant shall be detained. *Id*. The rules concerning the admissibility of evidence do not apply at the detention hearing. *Id*. The United States has the burden of persuasion by clear and convincing evidence that no condition or combination of conditions of release will reasonably the safety of any other person and the community or by a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required. *Id*.; *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003).

## Rebuttable Presumption

☐  A rebuttable presumption applies and the defendant bears the burden to produce some credible evidence to rebut this presumption.  The United States acknowledges that it retains the burden of persuasion.  The statutory presumption applies:

☐ Pursuant to 18 U.S.C. § 3142(e)(2) *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because:

**(A)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; *and*

**(B)** the defendant committed that offense while on release pending trial for a Federal, State, or local offense; *and*

**(C)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for that, whichever is later.

☐  Pursuant to 18 U.S.C. § 3142(e)(3) *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☐  **(A)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☐  **(B)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐  **(C)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 or more is prescribed;

☐  **(D)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☐  **(E)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

3

## **Factors to Be Considered**

The United States may present arguments, proffer evidence, or provide testimony at the scheduled detention hearing supporting the detention of the defendant including, but not limited to:

☒ The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm or destructive device. (18 U.S.C. § 3142(g)(1)).

On March 9, 2022, law enforcement responded to a report of a robbery. The victim reported that multiple masked and armed suspects forced him to get into his vehicle and drive to an apartment complex in Sandy, Utah. There suspects then forced the victim to strip down to his underwear, taking a significant amount of cash and the victim's vehicle. The victim identified the lone un-masked suspect as Isaac GBAWAY. GBAWAY and the victim knew each other prior to the incident.

Felony Aggravated Kidnapping and Aggravated Robbery charges were filed against GBAWAY on March 15, 2022 (Utah Third District Court, case number 221902489). A warrant was issued for his arrest. Law enforcement learned that GBAWAY was renting an apartment in Sandy, Utah. On March 17, 2022, GBAWAY was located and arrested at the apartment. Prior to law enforcement entering the apartment, an associate of GBAWAY's was observed throwing two firearms out the window of the apartment.

A search warrant was obtained after all parties were secured. The following items were recovered:



Bryco Arms .380 caliber semi-automatic pistol, obliterated serial number (master bedroom)



Loaded Taurus G3C 9mm semi-automatic pistol with an extended magazine (closet of master bedroom)



Loaded Springfield XD 9mm semi-automatic pistol (outside under apartment window)



Loaded Aero Precision 5.56 rifle (outside under apartment window)

Additionally, small amounts of marijuana and various items of paraphernalia were located throughout the apartment.

In a post-*Miranda* interview, GBAWAY acknowledged he was the renter of the apartment and confirmed that the master bedroom was his.  He stated that when he heard the knock at the front door he took a backpack with the Taurus out to the patio.  He retreated back into the apartment when he saw officers outside, eventually placing the firearm in a bin in the master bedroom closet.  GBAWAY stated the Taurus had been brought to the apartment by the individual who had thrown the other two firearms out the window in recent months.  GBAWAY also indicated that firearm was for protection, and that he had moved everything related to the Taurus, including a non-extended magazine, into his bedroom the prior evening.  GBAWAY also indicated he had received the Bryco from his uncle.

GBAWAY provided significant information related to the robbery.  Though he denied that any weapons were used, he admitted to taking cash from and the vehicle from the victim.  GBAWAY also indicated he was one that forced the victim to remove his clothing, stating "I did that to him.  I stripped him of his clothes."

☒  The weight of evidence against the defendant.  (18 U.S.C. § 3142(g)(2)).

As indicated above, GBAWAY acknowledged possession of the two firearms located in the master bedroom.  The serial number on the Bryco is clearly obliterated, and GBAWAY's felony charges have been pending for over a year (GBAWAY was arraigned on case number 211900424 on March 19, 2021).

6

☒  The history and characteristics of the defendant including the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning court proceedings.  (18 U.S.C. § 3142(g)(3)(A)).

☒  Whether, at time of the current offense or arrest, the defendant was on probation, parole, or other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law.  (18 U.S.C. § 3142(g)(3)(B)).

At the time of these events, GBAWAY was on release for a felony case involving firearms and drugs (Utah Third District Court, case number 211900424).  The probable cause statement associated with that case indicates that on October 15, 2020, GBAWAY was stopped for an equipment violation.  GBAWAY initially provided false information and was eventually arrested for DUI.  Marijuana, a scale, small baggies, and two 9 mm firearms with ammunition were located in the vehicle.  Reports indicate that GBAWAY made a phone call while in the Troopers' vehicle, stating "they caught me with everything."  Reports also indicate that GBAWAY had multiple baggies of marijuana on his person and attempted to conceal it in the Troopers vehicle.   That case, along with the recently filed kidnapping/robbery case, are currently pending.

☒  The nature and seriousness of danger to any person or to the community that would be posed by the defendant's release.  (18 U.S.C. § 3142(g)(4)).

☐  The defendant's lack of legal status in the United States.  The defendant's legal status is:

☒  How the defendant would be subject to removal or deportation after serving a period of incarceration.

The defendant appears to be an asylee, potentially subject to removal if convicted of an aggravated felony.

☐  The defendant's significant family or other ties outside of the United States.

☒  The defendant's use of aliases or false documents.

During the October 15, 2020 traffic stop, GBAWAY provided the name of another individual who is an actual person.

☐  The defendant's prior attempts to evade law enforcement.

☒  How the defendant's proposed residence, employment, or proposed treatment programs have not been verified.

☐  The defendant's prior failures to appear for court proceedings.

☒  Other reasons.

While not documented, GBAWAY has significant ties to members of a criminal

7

street gang (220 Bloods).

## **Victim Notification**

☐  The United States has notified any identified victim, or attempted to do so, pursuant to 18 U.S.C. § 3771.

☒  This matter does not involve a victim requiring notification.

DATED this 22nd day of April, 2022.

ANDREA T. MARTINEZ
United States Attorney

_VICTORIA K. McFARLAND_

VICTORIA K. McFARLAND
Assistant United States Attorney