UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ISAAC GBAWAY,<br><br>Defendant. | ORDER EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT<br><br>Case No. 2:22-CR-144-HCN-DBP-1<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

At the April 5, 2023, status conference—based on the representations of counsel—the court found ample grounds for a continuance given the need to resolve the potential conflict that has been identified and to provide the parties adequate time to prepare for trial. This order memorializes the continuance granted at the status conference and specifies the findings made at the status conference. *See United States v. Doran*, 882 F.2d 1511, 1516–17 (10th Cir. 1989).

At the status conference, the Government and counsel for the defendant explained that there may be a conflict of interest between the defendant and a potential Government witness who is currently represented by defense counsel in an unrelated state murder trial. Additional time was necessary for counsel to investigate the conflict and potentially obtain waivers if warranted, or for the defendant to potentially obtain new counsel. If new counsel is required, additional time would be needed for new counsel to become familiar with the case and review the evidence. The parties were directed to schedule a status conference before the magistrate judge to resolve the issue of representation. Given the need to resolve the conflict of interest, the court concluded that it was not practical to set a new trial date. Accordingly, the court set a status conference for May 24, 2023, with the expectation that a new trial date would be set then.

Based on counsels' representations, the court found that failure to grant a continuance would work a "miscarriage of justice" and, if new counsel were warranted, would make it impossible to provide counsel "the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv). The court found that the length of the requested continuance was reasonable and reasonably related to the reasons for the continuance. For those reasons, the court found that the ends of justice served by such a continuance outweighed the best interests of the public and the defendant in a speedy trial. The court accordingly found that there were facts that supported a continuance of the trial date in this matter and good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161.

THEREFORE, FOR GOOD CAUSE SHOWN:

1. The trial in this matter is continued without date.

2. The time period of April 5, 2023, to May 24, 2023, inclusive, is excluded in computing the time within which the trial must commence, pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv).

IT IS SO ORDERED.

Dated this 25th day of April, 2023.
BY THE COURT:

_____
Howard C. Nielson, Jr.
United States District Judge